IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 07-cv-02307-WYD

EUGENE GREGORY WALLIN,

    Applicant,

v.

WARDEN KEVIN MILYARD, Sterling Corr. Facility, and
THE ATTORNEY GENERAL OF THE STATE OF [COLORADO] JOHN SUTHERS,

    Respondents.

---

ORDER DENYING 28 U.S.C. § 2254 APPLICATION

---

    Applicant, Eugene Gregory Wallin, was a prisoner in the custody of the Colorado Department of Corrections (DOC) incarcerated at the Sterling, Colorado, correctional facility when he initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in the Arapahoe County District Court case number 99CR2948.  He has been granted leave to proceed pursuant to 28 U.S.C. § 1915 without payment of the $5.00 filing fee.

    On November 30, 2007, I directed the respondents to file an answer to the 28 U.S.C. § 2254 application.  On December 20, 2007, the respondents filed an answer asserting that the instant action is barred by the one-year limitation period in 28 U.S.C. § 2244(d), that Mr. Wallin failed to exhaust his claims, which now are procedurally defaulted, and that his claims are meritless.  On January 10, 2008, Mr. Wallin filed a reply, in which he indicated that he has been released on parole.

I must construe liberally the application and reply filed by Mr. Wallin because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. After reviewing the entire file, I find that an evidentiary hearing is not necessary. For the reasons stated below, the 28 U.S.C. § 2254 application will be denied.

## I. Factual and Procedural Background

On December 9, 1999, Mr. Wallin pleaded guilty in Arapahoe County District Court case number 99CR2948 to possession of a schedule II controlled substance, a class-four felony under Colo. Rev. Stat. § 18-18-405(2)(1)(a) (1999), and to possession of one to eight ounces of marijuana, a class-one misdemeanor under Colo. Rev. Stat. § 18-18-406(4)(a)(I) (1999). The state district court sentenced Mr. Wallin, as stipulated, to a deferred judgment and sentence of two years for the felony and to a concurrent two years of probation and thirty days in jail for the misdemeanor.

On July 16, 2001, the state probation department filed a complaint to revoke the probation and deferred judgment. On September 21, 2001, Mr. Wallin pleaded guilty pursuant to the complaint. The state district court revoked the deferred judgment, imposed judgment and conviction on the felony, and imposed two years' probation. The state court also revoked the probation for the misdemeanor but reinstated it for a concurrent two-year period. On June 4, 2003, the state probation department filed a complaint to revoke the probation, and Mr. Wallin pleaded guilty to the complaint. On

October 15, 2003, the state district court revoked Mr. Wallin's probation and sentenced him to three years in the state's intensive supervision program (ISP).

On April 5, 2004, the state probation department filed a complaint to revoke Mr. Wallin's ISP status. On June 1, 2004, Mr. Wallin pleaded guilty to the complaint. Pursuant to a plea agreement, the state district court revoked Mr. Wallin's ISP status and resentenced him to two years in the DOC and to three years of mandatory parole.

On July 16, 2004, Mr. Wallin filed a motion under Rule 35(c) of the Colorado Rules of Criminal Procedure alleging that the state district court violated *ex post facto* laws by failing to reduce his sentence when the legislature downgraded the offense of possession of a schedule II controlled substance to a class-six felony. The state prosecutor filed a written response asserting that the new statute applied only to offenses committed on or after its effective date, July 1, 2003. On September 23, 2004, the state district court adopted the state prosecutor's argument and summarily denied Mr. Wallin's July 16 motion. Mr. Wallin did not appeal from that order.

On January 5, 2005, Mr. Wallin filed another Colo. R. Crim. P. 35(c) motion, alleging the same sentencing claim and adding a claim of false arrest. On February 25, 2005, the state district court denied the motion as procedurally barred under the statute of limitations contained in Colo. Rev. Stat. § 16-5-402 (2007). On March 17, 2005, Mr. Wallin filed a motion under Colo. R. Crim. P. 35(a), alleging the same claims. On March 29, 2005, the state district court summarily denied the motion. On March 31, 2005, Mr. Wallin filed a notice of appeal.

In *People v. Wallin*, No. 05CA0676 (Colo. Ct. App. Apr. 20, 2006) (not published), the Colorado Court of Appeals affirmed the state district court's order denying Mr. Wallin's Colo. R. Crim. P. 35(a) motion. The state appeals court declined to address Mr. Wallin's claims regarding arrest, search and seizure, and ineffective assistance of plea counsel because they were time-barred. *Id.* at 4. The appeals court addressed Mr. Wallin's claim that his sentence was illegal, finding that the new sentencing statute reducing the class of felony for Mr. Wallin's crime did not have retroactive application to his conviction, and rejecting his *ex post facto* argument because the new statute did not apply to him. *Id.* at 4-5. On July 13, 2006, the appeals court denied Mr. Wallin's petition for rehearing. Mr. Wallin did not petition for certiorari review to the Colorado Supreme Court.

On October 23, 2006, Mr. Wallin filed a state mandamus/habeas corpus petition, case number 06SA347, in the Colorado Supreme Court. On November 6, 2006, he filed a motion for appointment of counsel. On November 14, 2006, he filed a motion for a bill of particulars. On November 24, 2006, he filed a second state habeas corpus petition. On December 1, 2006, the Colorado Supreme Court denied Mr. Wallin's petitions and motions.

On October 29, 2007, Mr. Wallin submitted the instant habeas corpus application to this court, which filed the application on November 1, 2007. He asserts three claims:

> 1.      that his right to due process was violated when the state district court failed to apply a new state sentencing statute that became effective after his original sentencing on December 9, 1999, but before he was resentenced on June 1, 2004;

4

   2. that his plea counsel rendered ineffective assistance of counsel; and

   3. that his right to due process was violated by an unlawful arrest and search and seizure.

## II.  Time Bar

As noted above, the respondents contend that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be

>> counted toward any period of limitation under this
>> subsection.

28 U.S.C. § 2244(d).

Mr. Wallin failed to file the instant application within the one-year limitation period. A deferred judgment and sentence permits a defendant to plead guilty without the entry of a judgment of conviction, and allows him to withdraw the plea and obtain a dismissal of the charges with prejudice after meeting stipulated conditions during the deferral period. *Schubert v. People*, 698 P.2d 788, 791 n.4 (Colo. 1985). If the defendant violates the conditions of the deferred judgment and sentence, then the trial court must entered a judgment of conviction and impose sentence. Colo. Rev. Stat. 16-7-403 (2001), repealed and relocated effective October 1, 2002, to Colo. Rev. Stat. § 18-1.3-102; *Schubert*, 698 P.2d at 791 n.4. The revocation of a deferred sentence is similar to the revocation of probation in that both result in final judgments from which an appeal may be taken. *People v. Peretsky*, 616 P.2d 170 (Colo. 1980); *People v. Hallman*, 624 P.2d 347, 348 (Colo. Ct. App. 1980).

On September 21, 2001, Mr. Wallin's deferred judgment and sentence were revoked and judgment of conviction was entered. He did not file a direct appeal. Mr. Wallin's conviction became final when the time for filing a direct appeal expired. Pursuant to Rule 4(b) of the Colorado Appellate Rules, Mr. Wallin had forty-five days to file a notice of appeal after the judgment of conviction was entered on September 21. As a result, I find that Mr. Wallin's conviction became final on November 5, 2001. I also find that the one-year limitation period began to run on November 6, 2001, the day after

his conviction became final, and expired on November 6, 2002, because Mr. Wallin does not alleges that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claims before his conviction became final.

Therefore, the one-year limitation period expired long before July 16, 2004, when Mr. Wallin filed his first Colo. R. Crim. P. 35(c) postconviction motion and which did not toll the limitation period.  The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time.  *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  Simple excusable neglect is not sufficient to support equitable tolling.  *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).  Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently.  *See Miller*, 141 F.3d at 978.  The inmate must allege with specificity the steps he took to pursue his federal claims diligently.  *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008).  Finally, Mr. Wallin bears the burden of demonstrating that equitable tolling is appropriate in this action.  *See id.*

Mr. Wallin fails to allege any facts that might justify equitable tolling of the one-year limitation period.  Therefore, I find that Mr. Wallin fails to demonstrate that

equitable tolling is appropriate, and the instant action will be dismissed as barred by the one-year limitation period.

### III.  Exhaustion of State Court Remedies and Procedural Bar

Respondents also contend that Mr. Cook has failed to exhaust his claims. Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in

the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

### Claim One

As his first claim, Mr. Wallin alleges that his right to due process was violated when the state district court failed to apply a new state sentencing statute that became effective after his original sentencing on December 9, 1999, but before he was resentenced on June 1, 2004.  I agree with the respondents that Mr. Wallin failed to support his due process argument by citing to any federal law in his opening brief before the Colorado Court of Appeals in No. 05CA0676.  Because a claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted, *see Duncan*, 513 U.S. at 365-66, the due process claim is not exhausted. However, liberally construing Mr. Wallin's first claim as also asserting an *ex post facto* claim, I find that Mr. Wallin has exhausted his *ex post facto* claim in the state courts, *see* Colo. App. R. 51.1, because he cited to *Calder v. Bull*, 3 U.S. 386 (1798), in support of his argument within the discussion of his first claim that his *ex post facto* rights were violated.  Therefore, I will address below on the merits the *ex post facto* argument.

Although Mr. Wallin failed to exhaust state court remedies as to his due process argument, I may not dismiss that portion of the first claim for failure to exhaust state

remedies if Mr. Wallin no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. No further state court remedy exists because any future due process claim would be as successive under Colo. R. Crim. P. 35(c)(3) because it was or could have been presented in an appeal or postconviction proceeding previously brought. *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII). Therefore, the due process portion of claim one that Mr. Wallin failed to exhaust is procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Wallin's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Wallin must show that some objective factor external to the defense impeded his ability to comply with the relevant procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Salazar*, 323 F.3d 852, 855 (10th Cir. 2003). A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *see also United States v. Cervini*, 379 F.3d 987, 991-92 (10th Cir. 2004). A "substantial claim that constitutional error has

caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  To demonstrate a fundamental miscarriage of justice, Mr. Wallin first must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id.*  Mr. Wallin then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."  *Id.* at 327.

Mr. Wallin fails to argue any basis for a finding of cause and prejudice or a fundamental miscarriage of justice in this action.  Therefore, I find that the due process argument in claim one, which Mr. Wallin failed to exhaust, is procedurally barred because Mr. Wallin has failed to demonstrate cause and prejudice or a fundamental miscarriage of justice.

### Claim Two

Mr. Wallin raised his second claim that his plea counsel rendered ineffective assistance of counsel in his appeal to the Colorado Court of Appeals in No. 05CA0676.  As previously stated, the state appeals court denied the claim as procedurally barred by the three-year state statute of limitations contained in Colo. Rev. Stat. § 16-5-402.  A federal court may not address a claim made in habeas corpus if the applicant was or will be procedurally barred presenting it to the state courts because he failed to comply with state rules of procedure.  *Coleman*, 501 U.S. at 734 n.1.  Furthermore, Mr. Wallin has not alleged any reason constituting cause, prejudice, or a miscarriage of justice to excuse the procedural default.  *Id.* at 750.  Thus, review of his second claim is barred.

### Claim Three

As his third claim, Mr. Wallin alleges that his right to due process was violated by an unlawful arrest and search and seizure. Mr. Wallin raised this claim as a federal constitutional claim on appeal from the denial of his Colo. R. Crim. P. 35(a) postconviction motion in No. 05CA0676. *See* ex. A (Mr. Wallin's opening brief at 6-9). However, as previously stated, the state appeals court denied the claims regarding arrest and search and seizure as procedurally barred by the three-year state statute of limitations contained in Colo. Rev. Stat. § 16-5-402. As previously stated, a federal court may not address a claim made in habeas corpus if the applicant was or will be procedurally barred presenting it to the state courts because he failed to comply with state rules of procedure. *Coleman*, 501 U.S. at 734 n.1. Furthermore, Mr. Wallin has not alleged any reason constituting cause, prejudice, or a miscarriage of justice to excuse the procedural default. *Id.* at 750. Thus, review of his third claim also is barred.

### IV.  Standard of Review on the Merits

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Claims of legal error and mixed questions of law and fact are reviewed pursuant to 28 U.S.C. § 2254(d)(1). *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003). The threshold question pursuant to § 2254(d)(1) is whether Mr. Wallin seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final. *See Williams v. Taylor*, 529 U.S. 362, 390 (2000). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Id.* at 412. Furthermore,

> clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008).

If there is no clearly established federal law, that is the end of my inquiry pursuant to 28 U.S.C. § 2254(d)(1). *See id.* at 1018. If a clearly established rule of federal law is implicated, I must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law. *See Williams*, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *Maynard* [*v. Boone*], 468 F.3d [665,] 669 [(10th Cir. 2006)] (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405). "The word 'contrary' is commonly understood to mean 'diametrically different,'

13

> 'opposite in character or nature,' or 'mutually opposed.'"
> *Williams*, 529 U.S. at 405 (citation omitted).
>
> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts. *Id.* at 407-08. Additionally, we have recognized that an unreasonable application may occur if the state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply.

*House*, 527 F.3d at 1018.

My inquiry pursuant to the "unreasonable application" clause is an objective inquiry. *See Williams*, 529 U.S. at 409-10. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Id.* at 411. "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard*, 468 F.3d at 671. "[O]nly the most serious misapplications of Supreme Court precedent will be a basis for relief under [28 U.S.C.] § 2254." *Id.*

Claims of factual error are reviewed pursuant to 28 U.S.C. § 2254(d)(2). *See Romano v. Gibson*, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002). Section 2254(d)(2) allows me to grant a writ of habeas corpus only if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. Pursuant to § 2254(e)(1), I must presume that the state court's factual determinations are correct

and Mr. Wood bears the burden of rebutting the presumption by clear and convincing evidence.  "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.'"  *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

I "owe deference to the state court's result, even if its reasoning is not expressly stated."  *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999).  Therefore, I "must uphold the state court's summary decision unless [my] independent review of the record and pertinent federal law persuades [me] that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented."  *Id.* at 1178.  "[T]his 'independent review' should be distinguished from a full de novo review of the petitioner's claims."  *Id.*

Finally, if the state court does not address a claim on the merits, I must review the claim *de novo* and the deferential standards in 28 U.S.C. § 2254(d) are not applicable.  *See Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004).

### The Merits of Claim One

In his first claim, Mr. Wallin alleges that the failure of the state district court to apply a new state sentencing statute that became effective after his original sentencing on December 9, 1999, but before he was resentenced on June 1, 2004, violated his *ex post facto* rights.  Mr. Wallin is mistaken.  The prohibition against *ex post facto* law requires the finding of two elements:  first, that the law was enacted subsequent to the conduct to which it was being applied; and second, that it must disadvantage the

15

offender affected by it.  *Weaver v. Graham*, 450 U.S. 24, 28 (1981); *Gilson v. Sirmons*, 520 F.3d 1196, 1229 (10th Cir. 2008).

The Colorado Court of Appeals addressed Mr. Wallin's contention that his sentence was illegal as follows:

> Defendant committed his offenses on August 27, 1999.  At that time § 18-18-405(2)(a)(I) provided that possession of a schedule II controlled substance was a class four felony.  See Colo. Sess. Laws 1997, ch. 264, § 18-18-405(2)(a)(I) at 1542.  In 2003, the General Assembly enacted a new provision that makes possession of one gram or less of a controlled substance a class six felony.  See Colo. Sess. Laws 2003, ch. 424, § 18-18-405(2.3)(a)(I) at 2685.  However, the enacting clause specifically provided that the change in felony class would apply only to offenses committed on or after July 1, 2003.  Colo. Sess[.] Laws 2003, ch. 424, § 9 at 2690.
>
> A defendant should only receive the benefit of amendatory legislation that lessens the penalties for crimes committed before the new legislation was enacted when the legislation expressly provides for retroactive application.  People v. McCoy, 764 P.2d 1171, 1174 (Colo. 1988); People v. Pineda-Eriza, 49 P.3d 329, 333 (Colo. App. 2001).
>
> Thus, defendant is not entitled to a reduction in the felony class for his offense.  Further, his ex post facto argument is simply incorrect.  See People v. Kyle, 111 P.3d 491, 506 (Colo. App. 2004) (in order for a criminal statute to be considered an ex post facto law, it must apply to events occurring before its enactment and disadvantage the offender affected by it.).

No. 05CA0676, slip op. at 4-5.

I find that the decision of state appeals court that Mr. Wallin's sentence did not violate his *ex post facto* rights did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal Supreme Court law.

### V. Conclusion

For the reasons stated above, habeas corpus relief will be denied. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed **WITH PREJUDICE** as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that the portion of claim one asserting a due process violation and claims two and three are dismissed as procedurally barred. It is

FURTHER ORDERED that the portion of claim one asserting an *ex post facto* violation is dismissed as meritless. It is

FURTHER ORDERED that each party shall bear his own costs and attorney's fees.

Dated: July 1, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge